NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3880
_____

UNITED STATES OF AMERICA

v.

ANTHONY CALCAGNI,
                                    Appellant
_____

On appeal from the United States District Court
For the Eastern District of Pennsylvania
(Criminal No. 5-08-cr-00743-002)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2011

BEFORE: SLOVITER, FUENTES, and FISHER, Circuit Judges

(Opinion Filed: August 10, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Anthony Calcagni ("Calcagni") appeals from his sentence of 72 months'

imprisonment on the grounds that he was denied effective assistance of counsel and that

the District Court erroneously calculated his sentence. For the reasons discussed below, we will affirm.

I.

We write solely for the parties and thus discuss only the facts necessary to reach our decision.

A grand jury returned an indictment charging Calcagni with: (1) one count of conspiracy to possess and sell stolen firearms in violation of 18 U.S.C. § 371; (2) three counts of possessing and selling stolen firearms and aiding and abetting, in violation of 18 U.S.C. § 922(j) and 2; and (3) one count of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and § 924(a)(1)(D). Calcagni entered into a plea agreement in which he agreed to plead guilty to all of the charges against him.

His plea agreement contained the following appellate waiver provision:

> In exchange for the undertakings made by the government in entering his plea agreement, the defendant voluntarily waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

JA 386-87. The agreement further provided that Calcagni retained the right to file a direct appeal if the Government appealed his sentence. If the Government did not, he only preserved the right to raise three claims on direct appeal: (1) that he was sentenced beyond the statutory maximum for any count of his conviction; (2) that the sentencing judge imposed an erroneous upward departure; or (3) the sentence imposed was unreasonably higher than the guideline range. JA 386-87.

2

Calcagni's claims of error arise from information that came to light during his change of plea hearing. During its recitation of the facts at Calcagni's change of plea hearing, the Government stated that one of Calcagni's codefendants, Joshua Foster ("Foster"), told a confidential informant that he and Calcagni had stolen the guns from Calcagni's ex-girlfriend's house. Although there was reason to believe that the guns had in fact been stolen from Calcagni's ex-girlfriend's house, the investigation into this burglary was still ongoing and no charges had yet been filed against Calcagni. Calcagni objected to the Government's recitation of the conversation between Foster and the informant, and claimed that Foster never told the informant that they committed the burglary together. This led the District Court to ask pointed questions as to Calcagni's actual involvement in the burglary. Defense counsel not only instructed Calcagni to answer the Court's questions, but also willingly elicited additional answers from him regarding the underlying burglary. Counsel did not advise Calcagni of his Fifth Amendment rights, and failed to request a recess to inform his client of the possible consequences of his testimony—that he would either be admitting to an uncharged crime or, if he denied his involvement, be committing perjury. Calcagni denied stealing the guns.

After the guilty plea hearing, the Probation Office issued a revised Presentence Investigation Report ("PSI") withdrawing the three-level offense reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The PSI also included a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) for possessing firearms in

3

connection with another felony offense—the burglary. These adjustments comprise a nine-level offense increase, and consequently raised Calcagni's guideline sentencing range from 33 to 41 months to 70 to 87 months.

In light of Calcagni's objections to the PSI, the District Court held a lengthy hearing, during which it heard testimony from multiple witnesses, including Calcagni. By this time, Calcagni had been charged with the burglary in state court. After the three-day hearing, the District Court concluded, based on all the testimony, that Calcagni had obstructed justice by committing perjury with regard to his involvement in the burglary, and thereby had not demonstrated acceptance of responsibility. The Court thus assessed the nine-level increase as recommended in the PSI and sentenced Calcagni to a term of 72-months' imprisonment.

Calcagni filed a timely notice of appeal.[1]

## II.

Because an enforceable appellate waiver would necessarily preclude our exercise of jurisdiction over the instant appeal, we first address the waiver provision in Calcagni's plea agreement. We exercise plenary review over the enforceability of an appellate waiver and whether a defendant's claims fall within its scope. *United States v. Goodson*, 544 F.3d 529, 537 n.6 (3d Cir. 2008).

To determine if Calcagni's appellate waiver bars this appeal, we consider:

(1) whether the waiver 'of the right to appeal [his] sentence was knowing and voluntary;' (2) 'whether one of the specific exceptions set forth in the

---

[1] We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[plea] agreement prevents the enforcement of the waiver;' *i.e.*, what is the scope of the waiver and does it bar appellate review of the issue pressed by the defendant; and (3) 'whether enforcing the waiver would work a miscarriage of justice.'

*Id.* at 536 (quoting *United States v. Jackson*, 523 F.3d 234, 243 (3d Cir. 2008)).

Calcagni does not dispute that he entered into his plea agreement knowingly and voluntarily; therefore, we will begin by considering whether his claims are exempt from application of the appellate waiver.[2]

Calcagni first argues on appeal that his attorney's failure to advise him of his right to remain silent or warn him about the potential consequences of his testimony deprived him of his Sixth Amendment right to effective counsel. Because the waiver contains an exception for asserting constitutional rights that cannot be waived, this claim is not precluded. However, this Court does not generally hear ineffective assistance of counsel claims on direct appeal; we have long held that they are better decided on collateral review. *United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004). We have recognized a narrow exception to this rule only "where the record is sufficient to determine ineffective assistance of counsel" and thus "an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). That exception does not apply here.

Next, Calcagni argues that the District Court erroneously calculated his sentence. He claims: (1) he should not have received the two-level enhancement for obstruction of justice; and (2) he should not have been denied the three-level downward adjustment for

---

[2] Even if Calcagni were to argue otherwise, our independent review reveals that his guilty plea was in fact entered into knowingly and voluntarily.

acceptance of responsibility. These claims do not fall within the exceptions specified in his appellate waiver. His waiver only preserves the right to appeal an upward departure. "An 'enhancement' is an adjustment to the base offense level as specifically provided by the Guidelines, whereas an 'upward departure' is a discretionary adjustment to the Guidelines range once calculated." *United States v. Shedrick*, 493 F.3d 292, 298 n.5 (3d Cir. 2007) (citing *United States v. Booker*, 543 U.S. 220 (2005)). Neither the enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 nor the denial of a reduction for acceptance of responsibility pursuant to § 3E1.1 constitutes an upward departure. Because the language of an appellate waiver must be strictly construed, *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001), we find that Calcagni waived his right to raise these claims on direct appeal.

Calcagni next argues that we should address the merits of his claims to prevent a miscarriage of justice. He contends that affirming the District Court's sentence would amount to a miscarriage of justice due to the Court's erroneous calculation. We disagree. The District Court properly applied the guidelines and thus enforcing the imposed sentence does not work a miscarriage of justice.[3]

III.

---

[3] Calcagni's false testimony regarding his involvement in the burglary was material to the federal charges, and thus the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 was appropriate. With respect to the court's denial of a three-level reduction for acceptance of responsibility under § 3E1.1, we give great deference to the sentencing judge. U.S.S.G. § 3E1.1 n.5. We find no error in the sentencing judge's assessment that Calcagni did not act in a manner consistent with acceptance of responsibility and note that when a defendant's conduct results in an enhancement under § 3C1.1, a reduction under § 3E1.1 rarely applies. U.S.S.G. § 3E1.1 n.4.

For the foregoing reasons, we will affirm the District Court's sentence.